KELTY (JUDSON v.). See Case No. 7,567.
KEMBALL (HOW v.). See Case No. 6,748.

## Case No. 7,682.
### KEMBALL v. STEWART.
[1 McLean, 332.] [1]
Circuit Court, D. Ohio. Dec. Term, 1838.

PLEADING AT LAW—OPENING OF DEFAULT—FILING OF PLEA.

The plea to the declaration not having been filed within the rule, a default was entered; and a motion was made by Mr. Powers to open the default and for leave to file a plea.

[This was a motion to open a default in the suit of Warren Kemball against William Stewart.]

OPINION OF THE COURT. The court have uniformly set aside a default, entered at rules, before the appearance term, on motion, on the condition that the defendant shall file a plea to the merits and go to trial. In no case can the defendant take advantage of his own negligence, by procuring a continuance on the ground that the issue was not made up. If a continuance be granted to him, it must be on ground wholly distinct from his own laches. The court in requiring a plea to the merits, provide against dilatory or frivolous pleas, and this is the principal effect given to the rule. On the default being opened, it is optional with the plaintiff to try or continue the cause. Other conditions are annexed to the opening of a default for plea by a rule of court recently adopted. This rule requires the defendant to admit the partner-

[1] [Reported by Hon. John McLean, Circuit Justice.]

ship of the plaintiffs, if the suit be brought in the name of a firm, unless denied under oath. And also to admit the citizenship of the plaintiff, as alleged in the declaration. The great object of the court in adopting rules of practice was, to facilitate the transaction of business, without subjecting counsel, who live at a distance, to any inconvenience which can prejudice their clients. The default is opened and leave is given to file a plea to the merits.